## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| AYUSH DHAUBHADEL, | * | |
| | * | |
| Plaintiff | * | |
| | * | Civ. No.: MJM-24-1427 |
| v. | * | |
| | * | |
| ANTONY J. BLINKEN, et al., | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM

Plaintiff Ayush Dhaubhadel ("Plaintiff") brings this suit for a writ of mandamus against the Secretary of State, the Attorney General of the United States, the Secretary of the U.S. Department of Homeland Security, the Director of the U.S. Citizenship and Immigration Services ("USCIS"), the Legal Advisor to the U.S. Department of State, the Deputy Assistant Secretary for Visa Services of the Bureau of Consular Affairs, and the Director of the USCIS's Vermont Service Center (collectively, "Defendants"). ECF 1. Plaintiff seeks a court order compelling Defendants to expedite adjudication of his pending immigration applications. *See generally id.* Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF 10, which Plaintiff has opposed, ECF 11, and Defendants have replied, ECF 12. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For reasons explained below, Defendants' motion shall be granted, and the Complaint shall be dismissed without prejudice.

1

I.     **BACKGROUND**

Plaintiff is a national of the Federal Democratic Republic of Nepal who entered the United States in December 2015 on an F1 visa. Complaint (ECF 1), Pt. V, ¶ 1. On or about October 31, 2022, Plaintiff applied for an I-360 Petition for Amerasian, Widower, or Special Immigrant, and I-485 Application to Register Permanent Residence or Adjust Status. *Id.*, Pt. I, ¶ 1; *id.*, Pt. V, ¶ 2. He filed the I-360 Petition as a self-petitioner under the Violence Against Women Act ("VAWA"). *Id*. Plaintiff is currently residing in the United States and has employment authorization through August 30, 2025. *Id.*, Pt. V, ¶¶ 7, 11; Pl. Ex. 7 (ECF 1-1 at 40–41). Plaintiff now seeks relief under the Mandamus Act and the Administrative Procedure Act ("APA").

At the time Plaintiff filed this action, his applications were pending review with USCIS for 18 months. Compl., Pt. I, ¶ 1. His multiple requests to have the processing of his applications expedited have either been denied or failed to elicit a response. *Id.*, Pt. V, ¶ 6. Filing under VAWA, Plaintiff alleges that he has "suffered domestic violence, extreme cruelty, and psychological abuse" from his spouse, who is a U.S. citizen. *Id.*, Pt. V, ¶ 8; *see also* Pl. Ex. 8 (ECF 1-1 at 42–51) (police report for domestic disturbance/fight). Additionally, Plaintiff suffers from severe depression, anxiety, post-traumatic stress disorder ("PTSD"), and other mental health conditions, which affect his ability to work. Compl., Pt. V, ¶ 9; *see also* Pl. Ex. 9 (ECF 1-1 at 52–71) (medical documentation). Plaintiff alleges that the delay in the processing of his immigration applications has caused him uncertainty and emotional distress and has impeded his life plans. Compl., Pt. III, ¶ 10; *id.*, Pt. V, ¶ 10. Citing these unfortunate circumstances, Plaintiff seeks to have his applications processed without further delay.

2

## II. STANDARD OF REVIEW

Defendants move to dismiss the Complaint for failure to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A complaint need not include "detailed factual allegations," but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted).

## III. DISCUSSION

### A. Mandamus

In this action, Plaintiff seeks a writ of mandamus to compel Defendants to take action to process and adjudicate his pending Form I-360 petition and Form I-485 application. United States District Courts have original jurisdiction over mandamus actions to compel federal officers "to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To establish the conditions necessary for mandamus relief, "the party seeking the writ must demonstrate that (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances." *U.S. ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 489, 502 (4th Cir. 1999) (cleaned up). The mandamus remedy is "drastic" and should only be used in

"extraordinary situations." *Kerr v. U.S. Dist. Ct. for N. Dist. of California*, 426 U.S. 394 (1976). A writ of mandamus should only be used to compel fulfillment of a "clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616–17 (1984). "Mandamus against a public official will not lie unless the alleged duty to act involves a mandatory or ministerial obligation which is so plainly prescribed as to be free of doubt." *In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988). A relief-seeking party must show that there are "no other adequate means to attain the relief he desires" and the right to such relief is "clear and indisputable." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). When there is an adequate alternative remedy, "[m]andamus-style relief is precluded . . . , even where that alternative remedy is less efficient or less effective than mandamus relief would be." *Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233, 267 (D.D.C. 2012) (citation omitted).

Here, Plaintiff concedes that Defendants do not owe him a clear nondiscretionary duty to adjudicate his petitions within a specific timeframe. Pl. Opp'n (ECF 11) at 10. While USCIS is required to process applications "within a reasonable time," 5 U.S.C. § 555(b), that time is not fixed. It cannot be said that the immediate action Plaintiff seeks to compel on his pending immigration applications "is so plainly prescribed as to be free of doubt." *In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d at 138. He has failed to identify "a clear and indisputable right to the relief" he seeks or "a clear duty" of Defendants to take "the specific act" he requests— immediate action on his pending immigration applications. *U.S. ex rel. Rahman*, 198 F.3d at 502. Thus, Plaintiff fails to state plausible entitlement to the "drastic" remedy of mandamus. Accordingly, Plaintiff's mandamus claim is dismissed.

### B. Administrative Procedure Act

In his Complaint, Plaintiff cites the APA as legal authority for his entitlement to a court order compelling Defendants to expedite adjudication of his pending Form I-360 petition and Form I-485 application. Federal agencies are required by the APA to conclude matters presented to them "[w]ith due regard for the convenience and necessity of the parties . . . and within a reasonable time . . . ." 5 U.S.C. § 555(b). Under the APA, "[a] person suffering legal wrong because of agency action . . . is entitled to judicial review thereof." 5 U.S.C. § 702. The APA defines "agency action" to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or *denial thereof*, or *failure to act* . . . ." 5 U.S.C. § 551(13) (emphasis added). In the case of inaction, the court may "compel agency action unlawfully withheld or unreasonably delayed . . . ." 5 U.S.C. § 706(1). A plaintiff seeking a court order to compel an agency must identify "a *discrete* agency action that [the agency] is *required to take*." *Gonzalez v. Cuccinelli*, 985 F.3d 357, 366 (4th Cir. 2021) (quoting *Norton*, 542 U.S. at 64.).

A claim for relief under § 706(1) based upon an agency's unreasonable delay is analyzed through consideration of six factors identified in *Telecommunications Research & Action Center v. FCC* ("*TRAC*"), 750 F.2d 70 (D.C. Cir. 1984). "The TRAC factors weigh, inter alia, the interests at stake and the effect of expediting the delayed agency action in granting an injunction." *South Carolina*, 907 F.3d 742, 759 (4th Cir. 2018) (citing *TRAC*, 750 F.2d at 80). The factors to be considered are the following:

> (1) the time agencies take to make decisions must be governed by a "rule of reason," . . . ; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason . . . ; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; . . . (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority . . . ; (5) the court should also take into account the nature and extent of the interests

5

>prejudiced by delay . . . ; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

*TRAC*, 750 F.2d at 80 (citations omitted).

### 1. *TRAC* Factors One and Two

"Courts generally consider the first and second *TRAC* factors together." *Jahangiri v. Blinken*, Civ. No. DKC 23-2722, 2024 WL 1656269, at *8 (D. Md. Apr. 17, 2024) (citation omitted). These two factors "focus on whether the agency's response time complies with an existing specified schedule and whether it is governed by an identifiable rationale." *Id.* (cleaned up).

Here, Plaintiff cites no congressionally specified timeframe for processing his Form I-360 petition and Form I-485 application. "To the contrary, Congress has given the agencies wide discretion in the area of immigration processing." *Skalka v. Kelly*, 246 F. Supp. 3d 147, 153–54 (D.D.C. 2017). "In the absence of a congressionally supplied timeframe, courts typically look to case law for guidance." *Brzezinski v. U.S. Dep't of Homeland Sec.*, Civ. No. 21-376 (RC), 2021 WL 4191958, at *5 (D.D.C. Sept. 15, 2021). "Courts have grouped processing durations into three categories: (1) delays of greater than five years are generally unreasonable; (2) delays between three and five years are typically not unreasonable; and (3) delays of two years or less are generally reasonable." *Mokuolu v. Mayorkas*, Civ. No. RDB-24-817, 2024 WL 4783542, at *7 (D. Md. Oct. 1, 2024) (citing *Sarlak v. Pompeo*, Civ. No. 20-35 (BAH), 2020 WL 3082018, at *6 (D.D.C. June 10, 2020); *Dyvonyak v. Mayorkas*, No. 23-CV-16528, 2024 WL 3520058, at *2 (N.D. Ill. July 24, 2024); and *Bagherian v. Pompeo*, 442 F. Supp. 3d 87, 94–95 (D.D.C. 2020)). *See also Ishaq v. Schofer*, No. 8:24-CV-00207-TJS, 2024 WL 3729107, at *6 (D. Md. Aug. 8, 2024) ("Generally, courts have found that 'immigration delays in excess of five, six, seven years are unreasonable,

while those between three to five years are often not unreasonable.'") (quoting *Begum v. United States Dep't of State*, No. 1:22-CV-00478-JMC, 2022 WL 16575703, at *7 (D. Md. Oct. 31, 2022)).

In this case, USCIS's response time "is governed by an identifiable rationale." *Jahangiri*, 2024 WL 1656269, at *8 (quoting *Ctr. for Sci. in the Pub. Int. v. United States Food & Drug Admin.*, 74 F. Supp. 3d 295, 300 (D.D.C. 2014)). Defendants have proffered the First-In-First-Out ("FIFO") method as that which applies to USCIS's adjudication of Plaintiff's Form I-360 petition and Form I-485 application. Def. Mot. (ECF 10) at 4–5; Declaration of Sharon Orise ("Orise Decl.") (ECF 10-1), ¶ 23. As the name suggests, the FIFO method operates by processing applications in the order that they are filed with the agency. *Id.* The FIFO method is a generally accepted rule of reason for the processing of immigration applications. *See Mokuolu*, 2024 WL 4783542, at *6 (citing *N-N v. Mayorkas*, 540 F. Supp. 3d 240, 261 (E.D.N.Y. 2021); and *Gonzalez v. Cuccinelli*, 985 F.3d 357, 375 (4th Cir. 2021)). Plaintiff does not allege that Defendants have deviated from this method in his case by improperly processing later-filed applications before taking action on his own.

At the time Plaintiff filed his Complaint in this matter, on May 16, 2024, his applications had been pending for approximately 18 months, and the last action USCIS had taken was but 71 days prior to the filing of the Complaint. On March 6, 2024, Plaintiff received an extension of the Prima Facie Determination on his I-360 petition. Compl., Pt. V, ¶ 5. Under the relevant case law, such periods of delay are generally considered reasonable. *See Mokuolu*, 2024 WL 4783542, at *7 (citing cases). Notably, the average processing time for VAWA self-petitions is presently 42

7

months.[1] At the end of March 2024, USCIS had nearly 132,000 VAWA self-petitions pending.[2] Orise Decl. ¶ 30. The delay in the processing of Plaintiff's petition is well below the average processing time and is not unreasonable in due consideration of relevant case law.

Accordingly, the Court finds the first two *TRAC* factors to favor dismissal.

### 2. *TRAC* Factors Three and Five

Like the first two *TRAC* factors, "[t]he third and fifth factors are often considered together[.]" *Dennis v. Blinken*, No. 1:22-CV-02522-JRR, 2023 WL 4764576, at *8 (D. Md. July 26, 2023) (quoting *Xiaobing Liu v. Blinken*, 544 F. Supp. 3d 1, 12 (D.D.C. 2021)). These factors "require the [c]ourt to consider Plaintiffs' interests, health, and welfare,' and the prejudice to those interests from delay." *Id.* (quoting *Xiaobing Liu*, 544 F. Supp. 3d at 12). "To evaluate those interests, courts consider a plaintiff's interests alongside those of similarly situated individuals." *Mokuolu*, 2024 WL 4783542, at *7.

Here, Plaintiff reports having suffered from "domestic violence, extreme cruelty, and psychological abuse," as well as "severe depression, anxiety, [and] post-traumatic stress disorder," and claims that the delay in processing his Form I-360 petition and Form I-485 application has caused him uncertainty, emotional distress, and an impediment to his life plans. Compl., Pt. V, ¶¶ 8–10. While a plaintiff's "assertion of mental distress because of the uncertainty of his immigration status" is commonly deemed "insufficient to allege unreasonable delay under the third or fifth *TRAC* factors[,]" *Mokuolu*, 2024 WL 4783542, at *7, the Court finds Plaintiff's documented mental health diagnoses and history of domestic abuse worthy of consideration. Although these

---

[1] *See* USCIS, Check Case Processing Times, available at https://perma.cc/T8MH-BH74 (last visited Mar. 16, 2025).

[2] *See* USCIS, Number of Form I-360 Petition, With a Classification for VAWA Self-Petitioner, available at https://perma.cc/8Q7H-6FF9 (last visited Mar. 16, 2025).

considerations weigh against dismissal of Plaintiff's APA claim, they must be balanced against the fact that Plaintiff currently has an employment authorization permitting him to work legally in the United States through August 30, 2025. Compl., Pt. V, ¶ 7; Pl. Ex. 7. Plaintiff does not face an imminent risk of removal. Thus, the effect of the delay in the processing of Plaintiff's applications is not so severe as to justify prioritization above those submitted by similarly situated petitioners. Accordingly, the Court finds the third and fifth *TRAC* factors to favor dismissal.

### 3. *TRAC* Factor Four

The fourth *TRAC* factor calls for the court to consider "the effect of compelling agency action given the agency's competing priorities." *Mokuolu*, 2024 WL 4783542, at *8 (citing *TRAC*, 750 F.2d at 80). Here, compelling USCIS to expedite adjudication of Plaintiff's Form I-360 petition and Form I-485 application would only "shift[] the processing delay onto other petitioners without improving the agency's efficiency." *Id.* (citing *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 192 (D.C. Cir. 2016)). "Court intervention is often unwarranted when a judicial order putting the petitioner at the head of the queue would simply move all others back one space and produce no net gain." *Begum*, 2022 WL 16575703, at *8. "Accordingly, federal courts have rejected plaintiffs' § 706(1) claims" in cases like the instant matter, where compelling agency action "would create a 'line-skipping concern' relative to other petitioners." *Id.* (citing *Dyvonyak*, 2024 WL 3520058, at *3). Accordingly, the Court finds that the fourth *TRAC* factor favors dismissal.

### 4. *TRAC* Factor Six

The sixth *TRAC* factor "concerns agency motivation[.]" *Begum*, 2022 WL 16575703, at *9. "This factor simply reminds courts that they need not find any impropriety . . . to hold that agency action is unreasonably delayed." *Id.* (citation omitted). Here, Plaintiff does not plausibly allege that "the agency has acted in bad faith in delaying action." *Id.* (quoting *TRAC*, 750 F.2d at

9

80). Therefore, the sixth TRAC factor is neutral in this case, weighing neither for nor against dismissal. *See id.*; *Dennis*, 2023 WL 4764576, at *9; *Ishaq*, 2024 WL 3729107, at *7.

Thus, the balance of the *TRAC* factors favors dismissal of the instant case. The matter shall be dismissed without prejudice to Plaintiff re-filing a civil action should the delay in the adjudication of his I-360 petition and Form I-485 application becomes unreasonable and actionable under § 706(1).

## IV. CONCLUSION

For the reasons stated above, the Court will grant Defendants' Motion to Dismiss and dismiss this case without prejudice. A separate Order will follow.

DATE: 3/31/25

_____
Matthew J. Maddox
United States District Judge